## A. B. Cook *v.* E. D. Fryer.

[Abstract Kentucky Law Reporter, Vol. 3—612.]

**Commission for Sale of Real Estate.**

> One holding a contract from the owner of real estate for a commission for finding a purchaser therefor at a given price is entitled to his commission where he furnishes a purchaser at the price named even though the sale and conveyance is not consummated on account of the refusal of the owner's wife to agree to join him in a conveyance.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

February 2, 1882.

OPINION BY JUDGE LEWIS:

Appellee alleges in his petition that at the request of appellant he undertook and agreed to find a purchaser for his (appellant's) residence in the city of Louisville, and was to receive therefor a commission of one and one-half per cent. upon the amount for which it might be sold; that in pursuance of the contract he did procure one, H. Verhoff, to agree to purchase the property, and a contract was made therefor; that by the terms

of the contract between Verhoff and appellant, which was reduced to writing and signed by them, the residence and furniture were sold for the sum of $12,500, to be paid in cash upon the delivery of possession, and a house in another part of the city belonging to Verhoff valued in the trade at $7,000, making $19,500 as the agreed price to be paid; that afterwards he demanded of the appellant the amount so agreed to be paid for his services, but consented to receive $250 in full satisfaction, and for that sum brought this action. Upon the trial a verdict was rendered in favor of the appellee for the amount claimed in the petition, subject to a credit for the amount of a note pleaded as a set-off.

The only material difference between the allegations of the petition and answer is that appellant alleges the price agreed upon for appellee's services was one and one-fourth per cent. commission, and that appellee's compensation was made dependent upon the conveyance of his property and the acceptance of the deed by the purchaser. As to both these issues of fact the jury decided in favor of appellee, and we perceive no reason to disturb the verdict on that account. No conveyance of the property was ever made by the appellant and his wife, though Verhoff tendered the $12,500 in cash and the deed for the property he agreed to give in addition for appellant's residence.

It appears that the wife of appellant refused to unite with him in the conveyance, and he consequently was unable or indisposed to invest Verhoff with a complete title to the property, without which Verhoff was not, by the terms of their contract, compelled to accept the deed from appellant. Having procured a purchaser for appellant's property who agreed to pay the price that appellant was willing and in writing agreed to accept, appellee complied with his contract, and was entitled to the compensation for his services appellant promised to pay therefor.

If the contract between appellant and Verhoff was not consummated it was the fault of appellant and not of appellee. Though he had no power to coerce his wife to relinquish her inchoate right of dower, he and not appellee should suffer, for it was his duty to have informed himself as to her willingness to do so, before making the contract with appellee, or at least to have stipulated in the agreement with appellee that the pay-

ment for his services was to be dependent upon her uniting in the conveyance.

Appellant was not bound to accept the purchaser procured by appellee, nor to agree to any other terms for the sale of his property than suited him; but having accepted him and entered into a valid contract with him, appellee's commission was earned. *Coleman's Exr. v. Meade,* 13 Bush (Ky.) 358.

Counsel contend that appellant's liability for the commission should be made to depend upon appellant's power to compel Verhoff to execute the contract between them, and as he was not able to do so he was not responsible to appellee. Verhoff was willing, able and offered to pay the price and take the property according to the only fair and legal interpretation of the contract between them. But appellant failed and refused to receive the purchase-price or to invest him with such a title as he agreed to do.

The instructions of the court below are in accordance with the foregoing views. The judgment is *affirmed.*

*C. B. Seymour,* for appellant.

*Young & Trabue,* for appellee.

[Cited, *Guthrie v. Bright,* 26 Ky. L. 1021, 82 S. W. 985.]