FRED W. LITTLE and JESSE C. LITTLE, Co-partners, Respondents, v. A. FLEISHMAN, Appellant.

No. 2010.   Decided April 30, 1909 (101 Pac. 984).

BROKERS—COMMISSIONS—WHEN EARNED.  A broker given the exclusive authority to sell real estate on terms specified for a fixed commission in the event of a sale, who produced a purchaser who was ready, able, and willing to purchase on the terms specified, and who entered into a contract with the owner for the sale and purchase of the property, was entitled to the commissions, though the sale was not consummated because of the owner's inability to furnish a sufficient abstract of title. (Page 568.)

APPEAL from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Action by Fred W. Little and Jesse C. Little, co-partners doing business under the firm name of Little & Little, against A. Fleishman to recover broker's commission.

AFFIRMED.

*Richards, Richards & Ferry* for appellant.

*Van Cott, Allison & Riter* for respondent.

STRAUP, C. J.

Little & Little, real estate brokers, brought this action against Fleishman to recover their commission for the sale of real estate. The terms of their agreement are contained in the following proposition submitted by Fleishman to Little & Little on the 3rd day of December, 1906: "You are given exclusive authority to sell for me the following described property," situated in Salt Lake City, "for the sum of thirty-three thousand dollars upon the following terms, to wit, twenty-five hundred cash, bal. thirty days; and in the event of a sale at any price agreed upon I agree to pay the regular commission, which is five per cent. on amounts up to twenty-five hundred dollars and two and one half per cent. on amounts in excess thereof. This order good for till five p. m. to-day." On the same day, and within the time specified, Little & Little procured a purchaser, a Mr. Lichenstein, who was able, ready, and willing to buy the property on the terms proposed. On that day, and after plaintiffs had introduced Lichenstein to Fleishman, the two last-named parties entered into a written agreement whereby Fleishman agreed to sell the property to Lichenstein for the sum of thirty-three thousand dollars. Twenty-five hundred dollars was that day paid in cash, five thousand dollars to be paid January 2, 1907, and twenty-five thousand and five hundred dollars February 1, 1907. Fleishman agreed within ten days from the date of the agreement "to furnish to date and tender to said second party (Lichenstein) a complete abstract of said premises;" that Lichenstein should have until January 2, 1907, to examine the abstract, and "if the title is marketable, and the said second party elects not to buy, then said receipted sum is forfeited; if the title is not marketable, then said receipted sum to be returned," to tender to Lichenstein a deed on February 1, 1907, or sooner if demanded, if title is not marketable, then to make it so on demand, "if the said second party binds himself to buy," and "to accept payment (if said second party buy)" of the balance of the purchase price. Upon an examination of the abstract of title by an attorney em-

ployed by Lichenstein for that purpose, it was discovered
before January 2, 1907, that Fleishman's title was defective
and unmarketable, and upon this ground alone, and none
other, Lichenstein refused to purchase the property, and de-
manded a return of the twenty-five hundred dollars
theretofore paid by him, "although" as found by the court,
"if the defendant's title thereto had been marketable, he
would have purchased and was ready, willing, and able to
purchase the same on the terms contained in the contract"
entered into between himself and Fleishman. When Fleish-
man listed the property with plaintiffs, he represented him-
self to be the owner thereof in fee simple, and "made no
mention to them that there was any flaw or defect in his
title," and until the defect in the title was discovered by
Lichenstein's attorney they had no knowledge that the title
was defective or unmarketable. The case was tried to the
court without a jury, who rendered a judgment in favor of
the plaintiffs.

The defendant on appeal, briefly stating, contends that
by the terms of the agreement between plaintiffs and the
defendant they undertook, not merely to procure a pur-
chaser, but to sell the property; that the defendant agreed
to pay the commission "in the event of a sale;" that the
agreement entered into between Lichenstein and Fleishman
was not a sale but a mere option to purchase, and hence plain-
tiffs had not earned and were not entitled to a commission.
There would be force to appellant's contention if the failure
to buy had not been due to the owner's fault. The substantial
features of the agreement between plaintiffs and the defend-
ant are that the plaintiffs were employed to effect, not con-
summate, a sale, and were entitled to a commission in the
event of a sale at any price agreed upon. When the
plaintiff obtained and procured a purchaser who was
able, ready, and willing to purchase for the price, and
on the terms proposed, they did all that was required of them,
and the owner could not, under the terms of his contract with
them, arbitrarily refuse to sell and decline to enter into ne-
gotiations of a sale with the proposed purchaser without be-

coming liable to plaintiffs for their commission. The owner, however, accepted the proposed purchaser and entered into a contract of sale with him upon terms suitable to and agreed upon by the owner. The purchaser was able, ready, and willing to purchase the property on such terms, and the reason why the sale was not consummated was solely due to the owner's inability to furnish a sufficient abstract of a good and marketable title. We think in such case the plaintiffs earned and were entitled to their commission. (*Gauthier v. West,* 45 Minn. 192, 47 N. W. 656; *Welch v. Young* [Iowa], 79 N. W. 59; *Middleton v. Findla,* 25 Cal. 76; *Gonzales v. Broad,* 57 Cal. 224; *Phelan v. Gardner,* 43 Cal. 306; *Smith v. Schiele,* 93 Cal. 144, 28 Pac. 857; *Leete v. Norton,* 43 Conn. 219.) The ruling in the case of *Stewart v. Fowler,* 37 Kan. 677, 15 Pac. 918, cited by appellant, was modified on a subsequent appeal of the same case. (*Stewart v. Fowler,* 53 Kan. 537, 36 Pac. 1002.) In the case of *Lawrence v. Rhodes,* 188 Ill. 96, 58 N. E. 910, also cited by appellant, it is not made to appear that the purchaser refused to purchase because of a defective title, or because of some other fault of the owner. In the case of *Dwyer v. Raborn,* 6 Wash. 213, 33 Pac. 350, it affirmatively is made to appear that the purchaser obtained and produced refused to buy the land on the terms proposed, but was only willing to take a 60-day option.

The judgment of the court below is affirmed, with costs.

FRICK and McCARTY, JJ., concur.