LEE v. GREENWOOD AGENCY CO.

[86 South. 449. No. 21329.]

BROKERS. *Failure to sell land prevents recovery of any commissions based on amount received by owner.*

When commissions are based upon the amount "received" by the owner, on a failure to sell the land, without fault of the owner, no commissions can be recovered.

APPEAL from chancery court of Leflore county.
HON. G. E. WILLIAMS, Chancellor.

Suit by the Greenwood Agency Company against Blewett Lee. Decree for plaintiff, and defendant appeals. Reversed and dismissed.

*Gardner, McBee & Gardner,* for appellant.

*E. L. Mounger* and *H. C. Mounger,* for appellee.

No brief of counsel for either side found in the record.

SAM C. COOK, P. J., delivered the opinion of the court.

The Greenwood Agency exhibited its bill of complaint in the chancery court of Leflore county against the appellant. To the bill of complaint appellant interposed a demurrer. The demurrer was overruled; hence this appeal. The bill of complaint sought to recover from the appellant commissions for the alleged sale of a plantation, the property of the appellant. Omitting the details leading up to the contract between the parties, it appears that appellant

owned a plantation named Buckhorn Plantation and the same was placed with the appellee for sale. The terms of the sale were agreed upon between the owner and the sales agent, as well as the commission of the agency should they succeed in selling the plantation. The letter of the Greenwood Agency Company to Blewett Lee dated December 7, 1918, together with the telegram from Lee to the agency dated December 16, 1918, embrace the contract between the parties to this suit. After the contract was made, it was discovered that a suit had been filed in the county of Lowndes, state of Mississippi, against Blewett Lee which might affect Mr. Lee's title to the Buckhorn Plantation. Whereupon the prospective purchaser found by the Greenwood Agency Company refused to proceed with the purchase of the plantation. In other words, the land was not sold, and the owner, Mr. Lee, did not receive anything.

We here copy the completed contract upon which this suit rests, the same being a letter from the agency company to Mr. Lee, and a telegram from Mr. Lee to the agency company accepting the terms of the sale:

"December 7, 1918.

"Mr. Blewett Lee, New York City, N. Y. My Dear Sir: Confirming the statement made to you in my letter of December 3d that you would hear from us within a few days relative to our opinion as to the best manner of handling your Buckhorn Plantation, will state that we have made a close personal inspection of the property and find that there is considerable Johnson grass growing on the land and that the crop, generally speaking, is quite grassy, owing no doubt to the fact that the land has been rented out for some time and is now worked largely by white labor which has moved into this Delta section from the Hills, and we consider this class of labor far from the best that we have here.

"The cabins we found very much in need of repair and we notice that there was no residence or barn on the property. We would judge that it would require twelve dol-

lars and fifty cents per acre to put the place in a state of repair equal to the conditions on the surrounding farms. Judging from the way land has been selling we feel we could get you seventy-five dollars per acre for this farm, all around. The last sale of land adjoining yours, which was well improved, brought ninety dollars per acre. We would be willing to undertake the sale of this property at the price of seventy-five dollars per acre, you to pay us for our services a commission of two and one-half per cent. of the amount you receive but we must act immediately as the season is well advanced for making a deal of this kind this year.

"Relative to the present lessee who is the fourth lessee, will say that we would have to make the purchaser some satisfactory guaranty that he would get possession of the property January 1, 1919, and we will therefore have to take this feature of the deal up with this fourth lessee who does not live on the farm but resides in the eastern part of the state, this we will take up with him immediately upon receipt of instructions from you that we shall proceed in this matter as above outlined. And as you understand disposing of this fourth lessee will be a very potential factor in consummating a trade.

"Yours very truly,
"[Signed]      The Greenwood Agency Company,
"RPP/A                           By R. P. PARISH."
        "Western Union Telegram.

"Received at 3 ONO-SO 10 MB New York NY 1130A Dec. 16, 1918. Greenwood Agency Company, R. P. Parish, Sec'y, Greenwood, Miss. 18 100—You are authorized to proceed on basis your letter seventh. [Signed] Blewett Lee. 1118 A."

It will be seen that the commissions of the agency depended upon Mr. Lee receiving the agreed purchase price. Mr. Lee did not receive anything. In other words no sale was made—no money was paid to Mr. Lee, and this being true, the decree of the chancellor overruling the demurrer was error.

In this case the Greenwood Agency Company made its own terms which were that they would procure a purchaser, or had already secured a purchaser who would pay the price named by the agency, and so certain were they of their client they further stipulated that their compensation would be a fixed proportion of the sum on the amount received by the owner.

In the end the alleged defect in Mr. Lee's title to the Buckhorn Plantation was no defect at all.

The plaintiff seems to rely upon *Roberts* v. *Kimmons,* 65 Miss. 332, 3 So. 736. We are of the opinion that this case went off on the evidence in the case. The broker in that case procured a purchaser as he contracted to do, but the sale was not made because of some objection to the title. In that case the broker assumed no responsibility for the failure of the title. In this case the broker expressly based his right to compensation upon the actual sale of the land. That is the effect of the contract.

The sale in the instant case failed because some outsider instituted a suit which might in the end deprive the owner of his title to the plantation. In the end it appears that the suit was without merit, but the plaintiff has not received anything, and by the terms of the contract the broker was to receive a certain percentage of the price received by the owner which, in this case, was nothing.

*Reversed and dismissed.*