No. 10,000.

NORRIS *v.* WALSH.

Decided March 6, 1922.

Action by real estate broker for commission. Judgment of dismissal.

*Affirmed.*

1. BROKERS—*Real Estate—Commission.* A real estate broker is not entitled to a commission until he produces a purchaser able, willing and ready to buy, and no recovery can be had where the proof fails to show that such a purchaser has been produced.

Where the agreement is that the commission is to be paid when the owner receives the entire purchase price, and no sale is consummated, an action for commission must fail.

2. *Real Estate Broker—Abstract of Title.* Claim by a real estate broker for the amount expended for an abstract of title, properly denied, where the owner of the property not only did not authorize the expenditure, but protested against it, she already having an abstract.

*Error to the District Court of the City and County of Denver, Hon. Greeley W. Whitford, Judge.*

Mr. JAMES C. STARKWEATHER, for plaintiff in error.

Mr. ROBERT EMMET LEE, for defendant in error.

MR. JUSTICE BAILEY delivered the opinion of the court.

THE action was by John C. Norris to recover a commission alleged to be due from Beesy M. Walsh, for services in procuring a purchaser for real property owned by her. At the close of plaintiff's case defendant moved a non-suit, which was granted, and a judgment of dismissal entered, which is now here for review.

The essential facts are that Norris agreed with Mrs. Walsh to find a purchaser for her land for $9,350.00, of

which he was to have $350.00 as commission, when the purchase price was paid. Plaintiff himself testified that such was the agreement. He procured one Ramon Solis, who contracted to buy defendant's property for the price named, and paid down $50.00. Nothing further has been done in the premises. Mrs. Walsh never tendered a deed, nor did Solis demand one.. The contract has never been completed, and no further payment has been made.

Several questions of law are discussed, but the only matter which need be considered is whether Norris has earned his commission. The theory of plaintiff is that he was to· be paid his commission when he found a purchaser. The proof, however, shows that he was to receive his commission only when the seller had received her full purchase price. In no event, under the averments of his pleading, can plaintiff recover until he has found a purchaser able, willing and ready to buy. There is not a syllable of proof to show that any such purchaser has been produced, and no recovery, therefore, on the case as made, was possible.

Moreover, there is an utter absence of proof of any unwillingness upon the part of the seller to go on with the deal. Indeed, it does not appear why the transaction was not consummated, or that it may not yet be closed at any time. The record simply shows an incomplete agreement for the sale of the real estate in question, with both parties seemingly content to let the matter rest as it is, although Solis testified that Mrs. Walsh was ready at one time to complete the deal, but that he was not.

It is claimed, and the claim is not disputed, that either party to the transaction might have an action against the other to enforce the contract. Be this as it may, that fact has no bearing upon plaintiff's right to recover his commission at this time. The defendant never undertook to pay plaintiff a commission for saddling her with a law suit. Her agreement was to pay him his commission when he had sold her property, and she had been paid for it in cash the agreed purchase price of $9,350.00, and not before.

As to plaintiff's claim for an abstract of title, the record

shows that he was a mere volunteer, and that the defendant not only did not authorize such expenditure, but protested against it, as she already had one abstract and did not wish to incur further expense in that behalf.

Manifestly, plaintiff upon his own showing, has not yet earned his commission and as the action of the trial court in directing a non-suit is plainly right, the judgment is affirmed.

MR. JUSTICE TELLER and MR. JUSTICE BURKE concur.