## Renick v. Mann, et al.

(Decided March 17, 1922.)

### Appeal from Bourbon Circuit Court.

1. Brokers—Commissions.—A broker is entitled to his commission, who, acting in good faith, procures a purchaser willing, able and

ready to take the property upon the terms offered by the principal and this is true notwithstanding the sale fails because of defect in the principal's title of which the broker had no notice.

2. Brokers—Commissions.—If the broker at the time he makes the contract with the owner knows of the defect in his employer's title or knows facts sufficient to put a reasonably prudent person on inquiry, which if followed with reasonable diligence would bring to him such knowledge, he is not entitled to recover where the sale fails because of defect in title, unless it was the intention of the parties that the employer should subsequently perfect his title in order to complete the contract of sale.

3. Brokers—Commissions.—A defense that the broker knew of the defect of title at the time the property was listed with him for sale, interposed by the pleadings and supported by some evidence, should be submitted to the jury.

JNO. J. WILLIAMS for appellant.

TALBOT & WHITLEY for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

Appellees, C. P. Mann and Hiram Redmon, are real estate brokers at Paris, Kentucky. Appellant, B. M. Renick, authorized them to sell a residence occupied by himself and his wife on Duncan avenue, Paris, Ky., for $13,260.00, agreeing to pay them $260.00 as their commission for making the sale. The title to the residence was in Mrs. Renick and the offer was made by appellant during her absence in Chicago. The appellees procured a purchaser willing, able and ready to take the property upon the terms offered by appellant, but the sale failed because Mrs. Renick refused to accept the terms and to make the conveyance. A previous offer of $12,500.00 had been made by the prospective purchaser through appellees but it was declined by appellant after receiving a telegram from his wife, which, with appellant's telegram to her submitting the proposition, was shown to appellees.

Mrs. Renick having definitely declined to sell the property appellees filed suit against appellant for the commission of $260.00 and on the trial of the case in the circuit court secured a judgment for the amount claimed. Appellant then admitted and on this appeal admits that he told the appellees that they might make the sale at $13,260.00 and that he agreed to pay them a commission of $260.00, but by his answer and by an instruction offered he interposed the defense that the appellees knew, when the offer

was made, that he was not the holder of the legal title to the property and could not sell it except by and with the consent of his wife. The lower court refused to submit that defense to the jury and instructed them to return a verdict for the plaintiffs if they believed from the evidence that the defendant agreed to pay the plaintiffs a commission of $260.00 to find a purchaser for the real estate mentioned in the petition.

On this motion for an appeal the sole contention is that the court should have supplemented the instructions given by telling the jury that if they believed from the evidence that the appellees or either of them at the time appellant offered the property for sale knew that the title to it was in appellant's wife and that he could not sell or convey it unless his wife consented to a sale at the price offered they should find for appellant.

The general rule is that a broker is entitled to his commission, who, acting in good faith, procures a purchaser willing, able and ready to take the property upon the terms offered by the principal, and this is true notwithstanding the sale fails because of a defect in the principal's title of which the broker had no notice. But if the broker at the time he makes the contract with the owner knows of the defect in his employer's title or knows facts sufficient to put a reasonably prudent person on inquiry, which if followed with reasonable diligence would bring to him such knowledge, he is not entitled to recover where the sale fails because of such defect, unless it was the intention of the parties that the employer should subsequently perfect his title in order to perform the contract of sale.

Having under consideration a somewhat similar question in Womack, et al. v. Douglas, 157 Ky. 716, we said:

"It is well settled that a party who makes a contract like this is liable for the whole of the compensation agreed to be paid, although he did not own the land he placed with the broker for sale, or only owned an interest in it, and was unable to carry out his contract because he did not own it, or because the other owners would not consent to the sale, although there might be an exception to this rule if the broker had knowledge of the fact that the person making the contract was not authorized to do so; Rounds v. Alee, 116 Ia. 345; Oliver v. Morawetz, 97 Wis. 332; Gorman v. Hargis, 6 Okla, 360."

In 4 R. C. L., p. 213, the rule is stated as follows:

"Accordingly, although it has been held that the fact that the broker knew of the defect in the principal's title and of the equitable estate of a third person therein would not defeat his right to commissions, the decisions generally hold that a broker who at the time he makes his contract with the owner knows of defects in the employer's title, or knows of facts sufficient to put a prudent person on inquiry, which if followed with reasonable diligence, would have resulted in such knowledge, is not entitled to recover where the sale fails because of such facts, unless it was the intention of the parties that the employer should subsequently perfect his title in order to be able to perform."

We are convinced that this doctrine is sound. It is supported by the great weight of authority, as will be observed by an examination of the notes to Brackinridge v. Claridge & Payne, 43 L. R. A. 593; Yoder v. Randol in 3 L. R. A. (N. S.) 576, and Little v. Fleishman, 24 L. R. A. (N. S.) 1182.

There was some evidence to the effect that appellees knew appellant did not have title to the property, and we think that defense should have been submitted to the jury. The instruction offered by appellant correctly stated the law with reference to it and also included a correct statement of appellant's liability and obligations under the contract sued on. It was error to refuse the instruction.

The appeal is granted and the judgment reversed for proceedings not inconsistent with this opinion.