No. 10,714.

CORNETT *v.* CUNNINGHAM.

Decided April 7, 1924.

Action by a real estate broker for commission. Judgment of dismissal.

*Affirmed.*

1. BROKERS—*Real Estate—Commission.* Under a contract providing for the payment of a commission to a real estate broker, "if a deal is made," it is held that the broker could not recover, it appearing that his principal refused to close the deal.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. HENRY B. BABB, for plaintiff in error.

Mr. L. F. TWITCHELL, Mr. C. H. REDMOND, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS was an action for a real estate broker's commission. A demurrer to the complaint was sustained, Cornett, the plaintiff, stood by his complaint, the cause was dismissed and he brings error.

The substance of the complaint was that plaintiff and defendant entered into the following written contract:

"Denver, Colo., April 26th, 1922.

Mr. W. L. Cornett, Denver, Colo., Dear Sir: As you presented to me for my consideration some weeks ago several apartment properties located in Kansas City under control of the Greeg Realty Company of Kansas City in exchange for my cattle ranch and cattle, located at Iliff, Colorado, therefore beg to advise that I will make examination of the above properties at an early date as possible and if a deal is made will pay you a commission

of $5000 in compensation for your services rendered in bringing these properties to my notice and consummating the deal.

                                    J. M. Cunningham.
    Accepted by Wm. L. Cornett, April 26, 1922."

That defendant examined the property and accepted it and the owners were ready and willing but defendant afterwards refused to close the deal.

Since a part of the consideration for the payment was "consummating the deal" and since the promise to pay was on the express condition "if a deal is made," and no deal was made or consummated, there can be no recovery on this contract, whatever rights plaintiff may have for the services, if any, which he actually rendered. *Norris v. Walsh*, 71 Colo. 185, 205 Pac. 276.

    Judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.