## Sanford & Company v. Waring.

(Decided June 9, 1925.)

### Appeal from Campbell Circuit Court.

Brokers—Broker, with Notice of Defect in Vendor's Title, Not Entitled to Commission where Purchaser Refuses to Accept Deed. —Where broker was informed that vendor had only life estate, he was put on inquiry as to title, and not entitled to commission on refusal of purchaser to accept deed because good title could not be given.

S. D. ROUSE for appellant.

WM. A. BURKAMP and L. S. SHEPLER for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Appellants, who are real estate brokers, brought this suit against appellee to recover $1,050.00, their commission at 3% for procuring a purchaser for certain lots in Covington under a contract with appellee, they having procured a purchaser at $35,000.00 and the sale not being made on account of a defect in the title. The circuit court sustained a general demurrer to the plaintiffs' petition. Plaintiffs appealed to this court and on the appeal the judgment was reversed with directions to overrule the demurrer to the petition, Sanford & Company v. Waring, 201 Ky. 169. On the return of the case to the circuit court an answer was filed; the issues were made up and the case coming on for hearing before a jury there was a verdict and judgment for the defendant. The plaintiff again appeals.

The facts shown by the weight of the evidence are these: Mr. Sanford having in mind a prospective purchaser for the property, went to see Mr. Waring several times about a sale of it. Mr. Waring told him he had only a life interest in the property and if he would sell it it might give him some trouble; that he had two heirs,

a boy and a girl; they were both of age and they would sign with him in case there was a sale. With this information Mr. Sanford accepted the contract and on the next day produced the purchaser. When they met to close the trade the attorney for the purchaser advised him that the deed signed by Mr. Waring and his two children would not convey a good title. The reason was this, the property was conveyed to T. W. Waring for life and at his death to his heirs and assigns. The purchaser properly refused to accept the title, for as he was advised by his attorney no one could know who would be Mr. Waring's heirs until he died. Mr. Waring then suggested that he would give a bond with surety to the purchaser to indemnify him and as collateral to the bond would put the purchase money in liberty bonds and deposit them with a trust company as additional security. This the purchaser declined to accept for the obvious reason that this was not such a title as he could sell.

The property was unimproved; few would be willing to buy and improve property that had a defect in the title. So the sale fell through. On these facts the court refused to give to the jury a peremptory instruction to find for plaintiffs and on their motion instructed the jury in substance that they should find for them unless they believed from the evidence that at the time the contract was made the plaintiffs knew that the defendant could not convey a marketable title to the property or could not bring about the conveyance of a good title for the purpose of completing the contract of sale and in that event they should find for the defendant. As the instructions given were those asked by the appellants the only questions arising on the appeal are as to the refusal to give a peremptory instruction for the plaintiffs and the sufficiency of the evidence to sustain the verdict.

In the former opinion the court said this: ·

"In Renick v. Mann, 194 Ky. 251, it was held that the broker is entitled under the rule stated to his commissions even where the sale made by him fails because of a defect in the employer's title to the property, unless at the time of contracting with the latter to make the sale for him the broker has knowledge of such defect of title, or of such facts as would be sufficient to put a reasonably prudent person on inquiry, which if followed with reasonable diligence would bring to him such knowledge; in which state

of case he would not be entitled to compensation for negotiating the sale, unless it was the intention of the parties that the employer should subsequently perfect his title for the purpose of completing the contract of sale.'' 201 Ky. 174.

When Mr. Waring told Mr. Sanford that he had only a life interest in the property the broker had knowledge of such defect of title as would be sufficient to put a reasonably prudent person on inquiry. He was thus informed that Mr. Waring did not have title; neither of them was a lawyer; neither of them perhaps understood the legal effect of the deed under which Mr. Waring held. But when he knew that Mr .Waring had only a life estate it was as incumbent on him as on Mr. Waring to make inquiry as to the title. Mr. Waring did everything that he could to' carry out the contract. The contract failed from a defect of title, of which Mr. Sanford had notice when the contract was made. The court, therefore, properly refused to give a peremptory instruction in favor of appellants. The weight of the evidence sustains the verdict of the jury.

Judgment affirmed.