## Hurt v. Sands Company.

(Decided December 19, 1930.)

HUBBARD & HUBBARD for appellant.

HARDY & HARDY for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

The Sands Company is a real estate brokerage firm in Louisville. It instituted this action against C. E. Hurt to recover a commission claimed for procuring a contract for an exchange of real property.

At the conclusion of all the evidence, the circuit court changed a ruling made earlier in the trial, and directed a verdict for the plaintiff. The defendant has entered a motion for an appeal.

The action was based upon a contract of employment whereby plaintiff was authorized to negotiate an exchange of city property for farm land. The petition contained an allegation that the plaintiffs had performed the contract by negotiating a written contract in accordance with the terms of their employment, which the defendant had refused to carry out. It was further alleged that the defendant had refused to pay the commission of $275 for which the contract obligated him.

The answer denied the employment, and denied that the commission had been earned. It interposed a further defense to the effect that defendant and his wife had made a written proposition authorizing plaintiffs to exchange properties with A. Federspiel upon specified terms; that the proposition had been rejected; that the wife had refused to make any further proposition; that she advised the plaintiff that she would not make any other trade or join in any deed except upon the terms contained in her original proposition. Further defense was made to the effect that the farm property was incumbered by a mortgage lien which had not been satisfied by the owners or released by the holder.

It appeared that Mr. and Mrs. Hurt had submitted to the plaintiff a written proposition dated Noveber 26, 1928, authorizing an exchange of their city property for a farm in Jefferson county upon terms stated in the writing. The writing was substantially altered and accepted by A. Federspiel and wife through an agent; but the Hurts declined to accept the proposition as altered, and the negotiations failed. Mr. Hurt then signed another proposition dated December 7, 1928, by which he authorized the Sands Company to negotiate the exchange upon terms conforming substantially to the counter proposition which Mrs. Hurt had rejected. The amended proposition was accepted by Federspiel and wife, but Mrs. Hurt declined to execute the transaction, and for the lack of her co-operation the deal collapsed.

The circuit judge expressed the opinion that, when the owner of real estate engages the services of a real estate broker to procure for him a purchaser of his property at a price and terms acceptable to him, and the broker presents a purchaser who is ready, able, and willing to take the property at the price and upon the terms asked by the owner, then the broker has performed his contract, and the owner is liable for a commission. The fact that the wife refused to join in the proposition, or to carry it out, was regarded as immaterial. The attitude of the wife was thought not to add to or detract from the rights of the parties. It is apparent that the circuit court fell into an error in overlooking the meritorious defense interposed by Mr. Hurt. The opinion of the judge may have been entirely correct as an abstract proposition of law. Preston v. Rheubottom, 194 Ky. 226, 238 S. W. 764; Miller v. Woodward, 234 Ky. 631, 28 S. W. (2d) 961. But, when a broker negotiates a contract, knowing that the owner cannot perform without his wife joining, and that his wife does not intend to unite in carrying out the proposal, he is not entitled to recover a commission. The same thing is true when the deal fails because of a defect in title, of which the broker is advised. No broker has any right to negotiate a contract at the expense of his employer when he knows of facts or circumstances which will prevent the deal from being consummated. The broker is an agent, and owes to his principal absolute good faith and the utmost fair dealing. Smith v. Fidelity & Columbia Trust Co., 227 Ky. 120, 12 S. W. (2d) 276, 62 A. L. R. 1353. He has no right to go forward and incur an expense upon his principal when

he knows it will be useless. 4 R. C. L. p. 313, sec. 61; 9 C. J. p. 629. In Renick v. Mann, 194 Ky. 251, 238 S. W. 763, it was held that a broker who knows at the time he makes the contract with the owner, or before he performs it, of a defect in the employer's title, or is aware of facts sufficient to put a prudent person on inquiry, which, if pursued with reasonable diligence, would have resulted in such knowledge, is not entitled to recover where the sale fails because of such facts, unless it was the intention of the parties that the employer should subsequently clear the property of the defects. There is no difference in principle between that case and the one at bar.

According to the proof for the defendant, the broker went forward and negotiated a contract which he knew could not be performed, because of the declared purpose of Mrs. Hurt not to join in the deed. Even though Mr. Hurt permitted him to proceed, it was in the hope that the attitude of Mrs. Hurt might be changed. The broker may have shared in the hope, but he was aware that his ultimate success depended upon the concurrence of Mrs. Hurt, and he ran the risk of failure in that respect.

In Sanford & Co. v. Waring, 209 Ky. 489, 273 S. W. 43, it was held that, if the broker was informed that the owner had merely a life estate, he was put on inquiry as to the title and, when the deal fell through because of defective title. the broker could not recover a commission. On the first appeal of that case (201 Ky. 174, 256 S. W. 9), the authorities were reviewed, and the principle announced in Renick v. Mann, supra, was recognized. Cf. Kelly v. McDowell, 210 Ky. 229, 275 S. W. 639, and Preston v. Rheubottom, 194 Ky. 226, 238 S. W. 764; Brackenridge v. Claridge & Paynce, 43 L. R. A. 609; Yoder v. Randol, 16 Okl. 308, 83 P. 537, 3 L. R. A. (N. S.) 576; Little v. Fleishman, 35 Utah, 566, 101 P. 984, 24 L. R. A. (N. S.) 1182.

Whilst the authorities in other jurisdictions may not be harmonious upon this question (see 9 C. J. p. 627), this court for this state has definitely declared the rule to be that a broker has no right to a commission on a contract negotiated with knowledge or notice of facts, circumstances, or conditions which will operate to prevent the completion of the proposed deal, if the deal fails by reason of such facts, circumstances, or conditions. It is plain, therefore, that the court should have submitted to the jury the issue whether the plaintiff knew when it

negotiated the contract that Mrs. Hurt would not carry it out. Of course, if it had notice of facts that would lead to inquiry resulting in knowledge, it was equivalent to knowledge, as suggested in the case of Renick v. Mann, supra. In Cook v. Fryer, 11 Ky. Op. 454, relied upon by appellee, the broker had no knowledge or notice before negotiating the contract of exchange that the wife of his employer would not consent to the trade. No defense of that character was interposed in that case, and the opinion does not discuss it. That case, therefore, is not in conflict with the ones to which we have adverted.

It was necessary for Federspiel to be prepared to carry out his proposition by conveying a clear and unincumbered title, and the issue whether the deal was defeated by failure of Federspiel to clear his title was raised. In order for the broker to recover, it must be found that he produced a party ready, willing, and able to comply with the terms stated in the contract, and, if he did not do so, the broker would have no right to recover. But, if the party was prepared to transfer the lien to the property he was acquiring coincidentally with the exchange, so that the other party would acquire a clear title, the latter would have no just ground of complaint that the lien was not removed earlier.

The record discloses that it is not unusual for parties mutually desiring to execute an exchange of land to arrange for a concurrent delivery of deeds and transfer of liens. Looking at the matter from a practical, as distinguished from a theoretical, standpoint, it is not easy to see how that matter was material in this case, since Mrs. Hurt did not intend to consummate the deal in any event, upon terms different from her proposition, and, according to the testimony of Mr. Hurt, the Sands Company knew that fact.

The appeal is granted and the judgment reversed for a new trial not inconsistent with this opinion.