**JONES v. TODD.**

Court of Appeals of Kentucky.

March 27, 1953.

John M. Perkins, Somerset, for appellant.

J. S. Sandusky, Somerset, for appellee.

CULLEN, Commissioner.

H. C. Jones sued Z. H. Todd on a $500 note given by Todd to Jones as a fee or commission for Jones' services as agent in a transaction in which Todd purchased the timber rights on a tract of land supposedly owned by Joseph M. Surgener. Todd defended on the ground of fraud. The jury found for Todd. Jones appeals, contending (1) that there was no proof of actionable fraud, and (2) that there was no proof of actual loss or damage.

It appears that Jones was a timberland broker, and he approached Todd with the information that he knew of a large tract of timberland that was available for purchase. The evidence on behalf of Todd was that Jones said the tract contained

about 1,000 acres, had some 4,000 white oak trees, and the owner had refused an offer of $100,000 for the tract.

Jones arranged for a meeting between Todd and Surgener, the alleged owner of the tract, and the two men, with Jones, went to view the tract, which was in mountainous country in Tennessee. Todd testified that when they reached the tract, Jones pointed out a large area extending some three miles in length and from a half-mile to three-quarters of a mile in width, and said that Surgener owned it. The men did not go completely around the tract, but merely viewed it from one end.

A few days later, Todd and Surgener drafted a contract for the sale of the timber rights, under which Todd was to cut and market the timber, giving Surgener one-half of the proceeds. The contract further required Todd to make an advance payment of $12,000 to Surgener. Before the contract was signed, Todd conferred with Jones about the latter's commission, stating that he could not afford to enter into the contract unless Jones would agree to a commission less than the three percent which tentatively had been agreed upon. The two men agreed on a commission of $500, and the note here sued on was executed. Todd then executed the contract with Surgener, paid over the $12,000 advance payment, and went on the tract with a substantial force of workers and amount of equipment.

Todd had been working on the tract two or three weeks, when suddenly "the roof fell in". Seven different persons asserted ownership of various parts of the tract of land that Surgener had been represented to own, and it was established that Surgener's ownership extended only to one 250 acre parcel. A brother of Surgener asserted title to a one-half undivided interest in the 250 acre parcel, and brought an action against Surgener and Todd, in which an attachment was issued and levied upon Todd's equipment and upon the timber he had cut. It further developed that a half-sister of Surgener also claimed part of the 250 acre parcel, and had been litigating her claim with Surgener for several years. The action against Surgener and Todd, by Surgener's brother, and another action which Todd brought against Surgener for damages, were pending when the present action on the note was tried.

Jones argues that he cannot be charged with fraud because Todd did not rely upon any representations made by Jones, but went upon the land himself to determine the acreage and quantity of trees, and made his contract with Surgener after personally satisfying himself as to what he was buying. Jones further argues that he merely acted as agent in finding for Todd an owner of timberland willing to sell timber, and after he had introduced Todd and Surgener the two made their own negotiations and contract. Jones also contends that Todd should have had the tract surveyed and the title examined.

In a case very similar to this, from the State of Oregon, a real estate agent was denied recovery on a note for his commission, and was held liable in damages, where he made misrepresentations concerning a farm which his client purchased. It was held that the agent was not exonerated by the fact that the client had visited the farm and looked over it for a few hours before making the purchase. Hanson v. Johnson, 143 Or. 532, 23 P.2d 333.

It must not be overlooked that Jones was the agent of Todd in locating a suitable tract of timberland. That is the only basis on which he could have claimed a commission from Todd. As such agent, he owed Todd the duties of absolute good faith and utmost fair dealing. Hurt v. Sands Co., 236 Ky. 729, 33 S.W.2d 653. He was required to advise Todd fully of all facts within his knowledge. Smith v. Fidelity & Columbia Trust Co., 227 Ky. 120, 12 S.W.2d 276, 62 A.L.R. 1353.

It is clear from the record that Todd did not actually go over the tract represented to be owned by Surgener, and did not have the title examined. We think he was entitled to rely upon the representations made by his agent, and was not required to make an independent investigation.

It is our opinion that it was proper to submit the case to the jury on the issue of fraud.

Jones argues that there was no proof of actual loss or damage. This is on the theory that in the various suits that are pending, it has not been established definitely that Surgener does not own the 250 acre tract. However, it was established by the evidence that Surgener does not own 1,000 acres; that Todd's equipment and lumber are tied up in attachments; and he is involved in three or four lawsuits. This obviously is sufficient to establish a loss of $500, which is the amount involved here.

There is some contention that the instructions were incorrect, because they did not include the elements of knowledge on the part of Jones, reliance by Todd on the representations of Jones, and injury sustained as a result. Upon examining the instructions we find them to be proper, and perhaps more favorable to Jones than required to be.

The judgment is affirmed.