CASE 91.—ACTION BY R. L. POPE AGAINST JOHN CADDELL FOR A BREACH OF CONTRACT.—May 29.

# Pope v. Caddell

Appeal from Whitley Circuit Court.

M. J. Moss, Circuit Judge.

From a judgment sustaining a demurrer to his petition, the plaintiff appeals. Reversed.

Brokers — Actions for Compensation — Defenses — Statute of Frauds. — In an action for commission under an express agreement in a written authority to sell defendant's property, where the plantiff had made a contract to sell the property to persons who were ready, willing, and able to buy, that plaintiff's contract with the proposed purchasers was not in writing is no defense.

R. S. CRAWFORD and R. L. POPE for appellant.

The plaintiff's cause of action, as set out in his petition, is that defendant by written contract agreed to pay him all over $2,000 for which he might sell his dwelling and store house for cash, also 10 per cent. commission on the sale of his stock of goods alone at invoice cost, and pursuant to this contract plaintiff purchasers, who were ready, willing and able to pay the prices named.

AUTHORITY CITED.

"A real estate agent who has actually found a purchaser, ready, willing and able to comply with the terms of sale, is entitled to his commission, although the owner may refuse to consummate the tiade." (Guthrie v. Bright, 26 Ky. Law Rep., 1021.)

Opinion of the Court by Judge Hobson—Reversing.

On December 23, 1905, John Caddell executed to R. L. Pope the following writing: "I hereby authorize R. L. Pope to sell my dwelling and store house for two thousand ($2,000.00) dollars cash and stock of goods at cost per invoice, and allow him ten per cent commission on sale of goods alone, also any commission over two thousand ($2,000.00) dollars for which he may sell dwelling and store house. Void after January 10, 1906. John Caddell." On January 11, 1906, Pope filed this suit against Caddell. In his petition, after setting out the written contract, he alleged that pursuant to it and prior to January 10, 1906, he made a contract for the sale and delivery of the stock of goods to E. E. Prichard, which would have invoiced at cost $800; that he contracted for the sale of the store to E. E. Prichard for $500, and contracted for the sale of the dwelling house and lot to Sam Mahan for $1,800, or $2,300 for both properties; that after he had procured purchasers, and they were ready and willing and able to comply with the terms of the sale and to accept the properties and pay the purchase money therefor, the defendant, in violation of his contract, refused to carry out the contract of sale as made by him, and that the sales had not been consummated solely by reason of the defendant's refusal to perform his part of the contract. The circuit court

sustained a demurrer to the petition, and, the plaintiff declining to plead further, dismissed the action. The plaintiff appeals.

The objection to the petition seems to have been that it shows only a verbal contract on the part of the purchasers for the property referred to, and does not show a binding contract on their part upon which Caddell could maintain an action against them. There is no doubt that, if the purchasers of the real estate had declined to enter into a written contract, Caddell would not have been bound for commissions to Pope. But, if they were ready, willing, and able to do so and Caddell refused to carry out the terms of the contract on other grounds, and thus prevented them from entering into a written contract or thus waiving the writing, a different proposition is presented; for it would have been an idle form for them to prepare and execute writings when Caddell had repudiated the whole matter. The law does not require a man to do an idle thing, nor will it permit a man to reject a proposition on other grounds and then deny the agent his commissions because that was not done which he at the time by his conduct waived. In Holden v. Starks, 159 Mass. 503, 34 N. E. 1069, 38 Am. St. Rep. 451, the court, in a case like this, said: "It was proved, and not disputed, that the plaintiff made a contract of sale of the defendant's house and lot to one who for a long time afterward was able, ready, and willing to take the property and pay for it the price agreed, and who was prevented from doing so by the defendant's refusal to carry out the contract. A payment of part of the purchase money was made to the plaintiff, with the intention of thereby rendering the contract irrevocable. If the plaintiff was authorized to make the sale as agent employed by the defendant, he is, under

the circumstances, entitled to compensation, notwithstanding that the purchaser could not have been compelled to carry out his contract if he had chosen to set up the statute of frauds. It was the defendant's own fault that the sale was not consummated." A number of authorities are cited in the opinion in support of the conclusion reached. In McFarland v. Lillard, 2 Ind. App. 160, 28 N. E. 229, 50 Am. St. Rep. 234, in response to a similar objection, the court said: "When the appellee has found a purchaser who was ready and willing to buy upon the terms proposed, he had performed his part of the contract, and the commission was due, although, through the fault of the appellant, the sale was not consummated. The facts found show that it was the appellant who failed to carry out the contract of sale and not the purchaser. If the appellant had been prevented from completing the sale by reason of the purchaser's taking advantage of his right under the statute of frauds, the appellant would have some room for complaint that the contract of his agent was not a binding one; but, when the facts show, as they do here, that the only reason the contract was not binding was because the appellant himself refused to make it so, certainly he cannot be heard to complain, and thus take advantage of his own fault." The conclusion reached in these cases was also reached in Kelly v. Phelps, 57 Wis. 425, 15 N. W. 385; Mooney v. Elder, 56 N. Y. 238; Potvin v. Curran, 13 Neb. 302, 14 N. W. 400; Goodson v. Embleton, 106 Mo. App. 77, 80 S. W. 22; Whalen v. Gore, 116 Ill. App. 504; Sayre v. Wilson, 86 Ala. 151, 5 South. 157. In the latter case the court said: "The plea of the statute of frauds was no answer to the complaint. Admitting that the sale made by the brokers to the proposed purchasers, the Messrs. Mills

and Mrs. Mayberry, was voidable because not reduced to writing and signed by the party to be charged; that is not the contract here in suit, and these purchasers, moreover, have not attempted to avoid its performance, but evince a readiness to comply with its terms. That they possessed the power to avoid it would be immaterial to the plaintiff's claim of compensation for bringing together the minds of the proposed seller and buyer, so long as no effort was made by them to avoid it." See, also, 19 Cyc. 255, and the cases cited. The case of Wilson v. Mason, 158 Ill. 304, 42 N. E. 134, 49 Am. St. Rep. 162, though indicating a contrary conclusion, really rests upon a different ground.

Judgment reversed, and cause remanded for further proceedings consistent herewith.