## Stearns Coal & Lumber Company v. Commonwealth, By et al.

(Decided March 26, 1915.)

### Appeal from Whitley Circuit Court.

1. New ` Trial—Suspension of Judgment.—In a proceeding to assess property omitted from taxation, under Section 4260 of the Kentucky Statutes which provides that the judgment of the court shall have the same force and effect as the judgment of the court in civil cases, and that either party may appeal from a decision of the county court to the circuit court, and then to the Court of Appeals, as in other civil cases, a motion for a new trial made in the circuit court has the effect of suspending the judgment of that court until the motion is disposed of; and an appeal then taken by the losing party to the Court of Appeals is within time, although taken at the third term of the circuit court after the judgment was rendered.

2. Taxation—Assessment of Omitted Property—New Trial—Bill of Exceptions.—In a proceeding under Section 4260 of the Kentucky Statutes to assess property omitted from taxation, the losing party under the judgment of the circuit court may, at the term at which the motion for a new trial was overruled, be granted time until the succeeding term thereafter to file his bill of exceptions, although the motion for a new trial was not overruled until the third term after the judgment was entered.

J. P. HOBSON` & SON and J. N. SHARP for appellant.

HENRY C. GILLIS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Overruling motions to strike bill of exceptions from the record, and to dismiss appeal.

These proceedings were begun in December, 1911, in the Whitley County Court, by S. H. Kash, State Revenue Agent, against three affiliated companies, the Stearns Coal & Lumber Company, the Stearns Coal Company,

Limited, and the Stearns Lumber Company, the appellants herein, to compel the listing of certain omitted property, for taxation. The three proceedings were consolidated and transferred to the circuit court, and there tried as one case.

A verdict was returned and judgment was entered thereon for the Commonwealth, on October 7th, 1913, which was the fourteenth day of the September term of the Whitley Circuit Court.

The defendants did not file or tender a bill of exceptions at the September term, 1913; neither did they secure an order at that term, giving them time to a day in the next (November) term within which to file a bill of exceptions, as they might have done under Section 334 of the Civil Code of Practice. That section reads as follows:

"The party objecting must except when the decision is made; and time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term, to be fixed by the court."

After the September term 1913, there was a regular term of the Whitley Circuit Court in November, 1913; another term in February, 1914; and still another term in May, 1914. Acts 1910, page 75. The bill of exceptions and the transcript of evidence were not filed until the May term 1914.

This delay came about in this way. Before the judgment was entered on October 7th, 1913, the defendants moved for a judgment *non obstante veredicto*. That motion was, in effect, overruled by the entry of the judgment, on the same day. On October 8th, 1913, the defendants, without waiving their motion for a judgment *non obstante,* filed a motion and grounds for a new trial; but that motion was not passed upon by the court until May the 22nd, 1914, at the May term, on which day the motion was overruled; an appeal to this court was granted, and defendants were given until May 31st to file a transcript of the evidence, and until June 1st to file the bill of exceptions. They were filed on those days.

It will thus be seen that the judgment was entered at the September term, 1913, while the appeal was not granted or the bill of exceptions filed until the May term 1914, and after the November term 1913, and the February term, 1914, had intervened.

The case now comes before us upon appellee's motion; (1) To strike the bill of exceptions and the tran-

script of evidence from the record, upon the ground that they were not filed within the time prescribed by Section 334 of the Code, *supra;* and, (2) To dismiss the appeal, because it was granted after the court had lost jurisdiction of the case.

Appellee contends that a new trial is not authorized in a proceeding of this character, and that the motion for a new trial being unauthorized, it did not suspend the judgment entered at the September term, 1913, or enlarge the time within which a bill of exceptions could be filed, or in which an appeal could be taken.

In support of this contention, appellee relies upon Commonwealth v. Adams Express Co., 124 Ky., 85, claiming it to be a case directly in point, and consequently decisive of the questions now before us.

That case was a proceeding under Section 4241 of the Kentucky Statutes, to have certain omitted property listed for taxation, and the judgment dismissing the action was rendered by the county court on September 4th, 1905. The Auditor's agent moved for a new trial, in due time, and his motion was overruled on January 1st, 1906, by the county court, whereupon the Commonwealth then tendered its bill of exceptions, which was signed by the county court judge and made a part of the record. At the February term 1906 of that court an appeal was taken to the circuit court, and the express company moved the circuit court to dismiss the appeal on the ground that it had not been taken within the time prescribed by the statute. The appeal was not taken within time unless the motion for a new trial in the county court had the effect of suspending the judgment until the motion was disposed of.

In civil cases a motion for a new trial suspends the judgment, and the motion may be continued and passed upon at a subsequent term of the court. Louisville Rock & Lime Co. v. Kerr, 78 Ky., 14; Turner v. Johnson, 18 Ky. L. R., 202; Million v. Million's Exrs., 31 Ky. L. R., 1158.

The circuit court sustained the motion and dismissed the appeal, whereupon the Commonwealth appealed to this court.

In the Adams Express Company case the term consisted of sixty days.

It will therefore be seen that the judgment having been entered on September 4th, 1905, the appeal taken on January 1st, 1906, was not within sixty days from the

rendition of the judgment appealed from; and, unless the motion for a new trial made by the Commonwealth on September 4th, 1905, in the county court stayed proceedings until it was overruled on January 1st, 1906, as in ordinary civil cases, the Commonwealth's appeal to the circuit court was not taken in time.

It will be noticed, however, that the Adams Express Company case, above relied on, was decided under Section 4241 of the Kentucky Statutes, and the judgment turned upon the permissibility, and consequently, the legal effect of a motion for a new trial made in the county court preliminary to an appeal from that court to the circuit court. If the motion was not authorized, it did not suspend the judgment; and this court having determined there was no authority for the motion in the county court, the judgment of that court had not been suspended by the motion and the appeal was properly dismissed by the circuit court.

The case at bar, however, was brought under Section 4260 of the Kentucky Statutes, which is a later act than 4241, and controls this case. Gish v. Shaver, 140 Ky., 647.

Furthermore, there is an essential difference between an appeal prosecuted from a county court to a circuit court, and an appeal prosecuted from a circuit court to the Court of Appeals. Under Section 726 of the Civil Code of Practice, appeals from a county court are tried *de novo,* as if no judgment had been rendered in the county court. In such a case there is no necessity for a motion for a new trial, since the case on the appeal is tried anew. But, upon an appeal from the circuit court to the Court of Appeals, the trial is a review of the proceedings in the circuit court, and not *de novo.*

The two sections of the statutes relating to appeals in proceedings of this character recognize this distinction.

Section 4241, under which the Adams Express Co. case, *supra,* was tried, provides as follows:

"From so much of the order of the court deciding whether or not the property is liable to assessment, either party may appeal as in other civil cases."

The context shows the court referred to by the statute was the county court.

Section 4260 of the Kentucky Statutes, which controls here, provides:

"The judgment of the court shall have the same force and effect as the judgment of the court in civil cases. Either party may appeal from a decision of the county court to the circuit court and then to the Court of Appeals, as in other civil cases."

It will thus be seen that the language above quoted from Section 4241, refers to an appeal from the judgment of the county court, and makes no express provision for any further appeal; while Section 4260, goes further, and provides in express terms, that either party may appeal from a decision of the circuit court to the Court of Appeals, *as in other civil cases.*

As was pointed out in Commonwealth v. Adams Express Co., *supra,* Section 4241 made no provision for a motion for a new trial in the county court; it simply provided for an appeal from that court to the circuit court, as in other civil cases; and, in all such cases the appeal is tried *de novo.*

When Section 4260 provided for an appeal from the circuit court to the Court of Appeals, as in other civil cases, it incorporated into the practice there provided, all the steps and remedies applicable to appeals in ordinary civil cases from the circuit court to the Court of Appeals. In ordinary civil cases appealed from the circuit court to the Court of Appeals, a motion for a new trial is not only necessary to enable the appellant to review errors committed upon the trial, but it suspends the judgment until the motion is disposed of; and the losing party may then pray an appeal, although it be at a subsequent term of the court, and his time for making his bill of exceptions is measured from that date. It will thus readily be seen that the decision in Commonwealth v. Adams Express Co., *supra,* presented quite a different question, and is, therefore, not controlling.

Under Section 734 of the Civil Code of Practice, an appeal may be granted by the circuit court at any time during the term at which the judgment was rendered; and under Section 334, time may be given for preparing a bill of exceptions at any subsequent date not beyond the succeeding term of the court. But, under the construction given those sections, as above pointed out, the judgment was suspended by the motion for a new trial in the circuit court, until the May term.

Consequently, the motion for a new trial having been made the day after the judgment was entered, and not

overruled until the May term 1914, the court had juris-diction to then grant the appeal, as it did, and to extend the time until the next term of court in which to file the bill of exceptions.

The motions are overruled.