## Orr et al. v. Woolfolk.

(Decided May 23, 1933.)

280

T. A. LUMAN and BEN F. EWING for appellants.

SHACKELFORD MILLER, Jr., for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

In August, 1928, the appellee, J. P. Woolfolk, a real estate agent, solicited the appellant, Mrs. Laura J. Orr, to sell the property in which she lived near Middletown. Her father, the appellant John Heim, owned a 3½-acre unimproved parcel adjoining. Both lots contained about 5 acres. After a number of conferences between the parties and a prospective buyer, Mrs. Orr and Mr. Heim signed and delivered to Woolfolk on December 29, 1928, a writing stating that they would take $12,500 for their property upon certain terms, and would convey an unincumbered marketable title thereto with general warranty deed, excepting only 1929 taxes, and that they would pay the regular commissions prescribed by the real estate board of Louisville. On the same day the agent obtained an acceptance of the proposition by Charles F. Robertson. There is no question that the sale was of the combined property and that neither would be sold separately from the other.

On February 12, 1929, Robertson, through an attorney, advised Mrs. Orr and Heim that, when he had entered into the contract to purchase their property, he had been led to believe that it belonged to them, and upon that assumption had agreed to take it, but he had learned that the title to the Orr parcel had been in Mrs. Orr's deceased husband, and that she had only

dower or homestead in the place; that he had been assured from time to time in the interim that the title would be straightened out, and he would receive a clear conveyance. He had also learned that suit had been instituted for a settlement of the husband's estate and for a sale of the property, but, believing that the proceedings would not insure him getting the title, he did not desire to remain in a state of uncertainty any longer, and, because of their inability to carry out the contract, he considered himself released from further obligation.

Suit was filed by Woolfolk against Mrs. Orr and Heim to recover $625 commissions for making the sale. At the conclusion of the evidence, the court peremptorily instructed the jury to return a verdict for the plaintiff, and judgment was entered accordingly.

The title to the Heim parcel is not questioned. Title to the Orr property, which contained the improvements, was in the twelve year old child of Mrs. Orr and her deceased husband, and she had only dower in it. Woolfolk testified that he had no knowledge of this condition of the title, as the matter was never discussed or in any way referred to. Nor was anything ever said until after the contract had been made about having to go through court to obtain a sale. Mrs. Orr, he stated, had told him that she owned the property. On the contrary, Mrs. Orr testified positively that she had told Woolfolk at the beginning of negotiations and again on the day the contract was signed about the condition of the title. Her father also discussed this matter with Woolfolk, according to Mrs. Orr. This was also shown by the testimony of Heim and his son. The evidence of the defendants is that they had discussed with Woolfolk the matter of filing suit to clear the title, and he had agreed to be present when it was sold. It was understood by all of them that it would take two or three months at least to get a judicial sale and to consummate the sale he was employed to bring about. Such a suit was filed before Robertson canceled the agreement to buy the property. Thereafter no further action was taken because, as explained by Mrs. Orr, she had no money with which to buy the property and Robertson had withdrawn.

It has become a fixed law that, if a real estate broker, acting in good faith, finds a purchaser who is

ready, willing, and able to buy property placed in his hands at the stipulated price and upon the terms asked by the owner, and such purchaser continues so until the owner has had a reasonable opportunity for executing the sale, the broker is deemed to have performed his contract and is entitled to recover his commission. Swift v. Hale & Covington Real Estate Company, 196 Ky. 446, 244 S. W. 867; Sanford & Co. v. Waring, 201 Ky. 169, 256 S. W. 9; Hurt v. Sands Company, 236 Ky. 729, 33 S. W. (2d) 653; Odem Realty Company v. Dyer, 242 Ky. 58, 45 S. W. (2d) 838. It is also the law that, if the sale is not consummated because of an absence of or defect in the title of the one who engages the services of the broker, he is nevertheless liable for the compensation. Womack v. Douglas, 157 Ky. 716, 163 S. W. 1130; Renick v. Mann, 194 Ky. 251, 238 S. W. 763. But those basic rules are not applicable to every state of fact. Sometimes qualifying or supplemental rules must be invoked. Thus, if the deal falls through because of a defect in the title of the principal of which the agent had actual knowledge, or he had possession of facts sufficient to put a prudent person on inquiry, and, if pursued with reasonable diligence, he would have obtained that knowledge, the broker cannot recover commissions on the transaction. Renick v. Mann, supra; Preston v. Rheubottom, 194 Ky. 226, 238 S. W. 764; Sandford & Co. v. Waring, supra; Hurt v. Sands Company, supra. Again, it is held that, where an agent is authorized to sell property subject to the condition that no contract should be made until the employer's title is perfected, the broker cannot recover commissions on the sale to one demanding a merchantable title while the title was still defective. Nash v. Childers, 155 Ky. 772, 160 S. W. 485.

The evidence in this case was in direct conflict as to the knowledge of the plaintiff concerning the defendant's title to the property. And the evidence of the defendants was to the effect that their contract with the broker carried the understanding that no title could be passed to the purchaser whom he might procure until after there had been a judicial sale. If that was the understanding, it would appear that the broker did not produce a purchaser willing to await that result, and consequently did not produce a purchaser willing to take the property according to the terms of the broker's contract with the owners.

We are of the opinion, therefore, that the case should have been submitted to the jury upon these issues.

The judgment is reversed.