## Brown et al. v. Warden's Administrator et al.
(Decided Dec. 3, 1935.)

OTTO C. MARTIN and M. L. HEAVRIN for appellants.

KIRK & BARTLETT for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—
Affirming.

In an action brought in the Ohio circuit court to settle the estate of Dr. W. M. Warden, George M. Johnson filed a petition to be made, and was made, a defendant. The petition was considered and treated by the parties, their counsel, and the court as the answer and counterclaim of Johnson. It substantially alleges that after receiving a letter from Dr. Warden, he entered into an oral contract, "whereby he agreed to list 640 acres of land, timber and coal," with Johnson, to sell for $100,000, agreeing to give him a reasonable time in which to sell, and a commission of $10,000 for selling, the same. Thereafter, he induced Henry Edmeister, a resident of the state of Ohio, "to come and look over the land," and that he and Edmeister "made an estimate of the coal, timber and value of the land," whereupon, Edmeister made him a proposition to "take the land, coal and timber for $100,000.00," if he would secure from Dr. Warden "a deed for same"; that Edmeister was financially able to purchase "the same," "willing to do so and pay cash therefor, upon the execution of a deed to him by said Warden," "allowing

Dr. Warden to reserve the oil and gas underlying said land.'' He charges that thereupon Warden refused ''to make a conveyance,'' but agreed ''he would pay the $10,000.00 to this petitioner as he had agreed to do, but at that time he did not have the money by him''; ''he died without having ever paid this claim, as he had agreed he would do.''

An issue was formed on the allegations of Johnson's petition, the evidence of the parties was taken, and on submission to the court, Johnson was denied a recovery.

Many questions are debated in the briefs of the parties and a large number of cases cited to sustain their respective contentions.

An examination of the record discloses that Edmeister testified that he was engaged in the business of selling the real estate of others for a commission, and not purchasing it. And at the request of Johnson, he came to Kentucky to endeavor to assist him in finding a purchaser of Dr. Warden's land. After he was solicited by Johnson to assist in finding a purchaser, Johnson, by letter, informed him that Dr. Warden had given him (Johnson) notice that he was withdrawing the property from his (Johnson's) hands, and did not desire to sell it. After he received this information, he later came to Kentucky with a Mr. Herndon and they proposed to Dr. Warden to make a contract with him ''to take the land and timber,'' ''a fee simple title to the land at $100,000.00,'' and Dr. Warden refused to accept the proposition.

Edmeister stated that Herndon, if Dr. Warden had accepted his proposition, intended to return to the state of Ohio, and associate others with him in the purchasing of the Warden land, but that neither Herndon, nor those to be associated with him, would have purchased ''the land, timber and coal'' thereunder, allowing Dr. Warden the right to reserve the oil and gas.

It must be noted that Johnson, in his petition, alleges that he found Edmeister as a purchaser of ''the land, timber and coal,'' ''allowing Dr. Warden to reserve the oil and gas.'' Edmeister's testimony establishes that he was not intending to purchase ''the land, timber and coal,'' either with or without Dr. Warden

reserving the oil and gas, and that Herndon would not have purchased "the land, timber and coal," allowing the reservation of the oil and gas.

The prevailing rule is, a broker or an agent of the owner of real estate not only must act in good faith in presenting a purchaser, but present one able, ready, and willing to perform the contract on his part, according to the terms proposed. To entitle him to his commission, he must not only show that the purchaser furnished was willing to accept the offer precisely as made, but, in addition thereto, was an eligible purchaser, such as the seller was bound to accept. Coleman's Ex'r v. Meade, 13 Bush, 358. It is only where he produces a buyer able, ready, and willing to perform the offer precisely as made is he entitled to a commission. McDowell v. Lewis, 200 Ky. 126, 254 S. W. 208; Ferguson v. Harris, 200 Ky. 146, 254 S. W. 329; Sandford & Co. v. Waring, 201 Ky. 169, 256 S. W. 9; Hurt v. Sands Co., 236 Ky. 729, 33 S. W. (2d) 653; Slusher v. Moore, 202 Ky. 13, 258 S. W. 946; Hammond v. George W. Gill Realty Co., 221 Ky. 521, 299 S. W. 165.

The owner's mere contracting, or listing, with another for the sale, his property, does not entitle the latter to his commission. Like any other contract, it must be substantially performed by the broker or real estate agent, as per its terms, to entitle him to his commission. The burden of proof was upon Johnson to establish by competent, relevant evidence a substantial performance on his part of the contract with Warden, which necessarily included the presenting to him a purchaser able, ready, and willing to accept the proposition precisely as made. Johnson's evidence not only fails to show such a performance of his part of the contract, but establishes beyond cavil that he wholly failed to perform it.

Some evidence in his behalf tends to establish that Dr. Warden, after Johnson claims that he (Warden) notified him (Johnson) that he did not desire to sell "the land, timber and coal," promised to pay the commission of $10,000. Accepting this as true, the evidence abundantly establishes that Johnson did not perform any part of the contract, and therefore, even if Dr. Warden thereafter promised to pay the $10,000 commission, this promise was, and is, without consideration.

Entertaining the views herein expressed, it is entirely unnecessary to extend this opinion to consider and discuss the other questions debated in the briefs.

Wherefore, the judgment is affirmed.