## Dunn v. Kramer.

January 23, 1948.

Elvis J. Stahr, Judge.

378

Henry F. Turner for appellant.

Ben B. Morris and H. Randolph Kramer for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

This suit was brought by appellant to recover a broker's commission for the sale of farm lands owned by appellee. The case was tried without a jury, and a judgment was entered dismissing appellant's petition.

There is little dispute concerning the important facts in the case. In December 1944, appellee employed appellant to sell three tracts of land. In February 1945, appellant sold one of these tracts and was apparently paid his proper commission. In April 1945, appellant began negotiations for the sale of the other two tracts to one Mobley. Eventually the price was agreed upon, and a sale contract was executed by Mobley and appellant as the agent of appellee.

When the parties met to close the transaction, it was learned by the purchaser for the first time that one Gordon, from whom appellee had purchased the property, had a lien thereon for approximately $2,000. Appellee was disputing the claim of Gordon, but admit-

tedly it constituted an encumbrance on the property, and appellee was unable to make a conveyance free and clear of it. Appellee proposed to deposit with the purchaser a certified check for $3,000 to secure the removal of this encumbrance, and to file suit to clear the title. The purchaser refused, however, to go through with the transaction on this basis, and the sale was not consummated.

The principal question of fact involved in the case is whether or not appellant, the agent, had notice of this lien prior to the time he produced the prospective purchaser. There is no doubt that the purchaser was ready, willing and able to go through with the trade on the terms agreed, except for the existence of the Gordon encumbrance.

This question of fact must be resolved against appellant because by his own admission he knew of the existence of the lien prior to his negotiations with Mobley. According to appellee's testimony, appellant knew of this lien and the controversy with Gordon at the time of his initial employment. Appellee further testified that while the negotiations were pending with the purchaser Mobley, he asked appellant about the handling of the "Gordon matter," and appellant advised him to keep quiet as it would be taken care of.

The parties are not in disagreement regarding the applicable general principles of law. As stated in Orr et al. v. Woolfolk, 250 Ky. 279, page 281, 62 S. W. 2d 1029, 1030:

"It has become a fixed law that, if a real estate broker, acting in good faith, finds a purchaser who is ready, willing, and able to buy property placed in his hands at the stipulated price and upon the terms asked by the owner, and such purchaser continues so until the owner has had a reasonable opportunity for executing the sale, the broker is deemed to have performed his contract and is entitled to recover his commission."

This general rule, however, is subject to the qualifications stated in this same case, at page 282 of 250 Ky., at page 1030 of 62 S. W. 2d:

"If the deal falls through because of a defect in the title of the principal of which the agent had actual

knowledge, or he had possession of facts sufficient to put a prudent person on inquiry, and, if pursued with reasonable diligence, he would have obtained that knowledge the broker cannot recover commissions on the transaction.''

In that case a widow with a dower right had undertaken to sell the property in fee. There was actually a lack of title on the part of the seller.

Appellant contends that the above case involved a *defect* in the title, whereas no such situation appears here. We perceive no reason why the guiding principle should be limited to a transaction where there is an actual lack of title, if some other element of which the agent has notice prevents consummation of the sale.

In the case of Hurt v. Sands Company, 236 Ky. 729, 33 S. W. 2d 653, a sale transaction could not be completed because the owner's wife refused to execute the deed. The real estate agent knew of the wife's attitude prior to the contract of sale, and this fact was held to be valid defense to the action for a commission. The opinion states, at page 731 of 236 Ky., at page 654 of 33 S. W. 2d "No broker has any right to negotiate a contract at the expense of his employer when he knows of facts or circumstances which will prevent the deal from being consummated.''

Further on page 732 of 236 Ky., on page 655 of 33 S. W. 2d the Court stated:

"This court for this state has definitely declared the rule to be that a broker has no right to a commission on a contract negotiated with knowledge or notice of facts, circumstances, or conditions which will operate to prevent the completion of the proposed deal, if the deal fails by reason of such facts, circumstances, or conditions.''

It is evident that the rule denying the broker's right to a commission is not dependent upon any particular type of defect or lack of title in the seller. Any circumstance known to the agent, including an encumbrance on the property, which would legally justify the purchaser in refusing to accept a deed, is sufficient to foreclose the right to a commission, provided such circumstance prevents consummation of the sale. In such

case the broker's services are obviously worthless and known by him to be worthless to his principal.

In this case the seller had undertaken to furnish a good and merchantable title to the property. He could not do so because of the existence of the Gordon lien. The existence of this lien was known to appellant when he began negotiations with the purchaser. The failure to have it removed, or to reach agreement on a new arrangement, resulted in the purchaser's withdrawal. Appellant with his principal both assumed the risk that the sale could not be completed because of the existence of this lien.

Appellant contends that the evidence with respect to his knowledge of the Gordon encumbrance was incompetent because it constituted an attempt by parol to alter the written brokerage contract wherein appellee had agreed to furnish the purchaser a "good and sufficient warranty deed." There are two answers to this contention: (1) the relationship of principal and agent requires good faith dealing between the parties, and evidence of the lack of it upon the part of the agent is always admissible, and (2) the original brokerage contract was subsequently modified orally with respect to the sale price of the property, and evidence that it was likewise modified as to the terms of the conveyance was not incompetent.

Appellant was not entitled to a commission, and the trial Court properly dismissed his petition. For the reasons stated, the judgment is affirmed.