## Howe v. Roberts.

February 21, 1950.

B. H. Farnsley, Judge.

Anton B. Dreidel for appellant.

Robert L. Meisburg, Jr. for appellee.

MORRIS, COMMISSIONER—Affirming.

Appellee, defendant below, owned a grocery business located on South Sixth Street in Louisville. Appellant, a licensed real estate broker, was a neighbor and friend. About the middle of December 1947 appellee made it known to appellant that he desired to sell his business and store equipment, and verbally agreed that Howe should undertake to find a purchaser. Appellant advertised the business and contacted several persons; finally about December 27th he interested a Mr. Bogue and the latter signed a contract with Howe, it being in the usual form or one adopted and used by Louisville real estate brokers.

In that contract Bogue agreed to pay $10,000 cash for an unencumbered title, possession to be given on completion of the contract; the seller to pay the usual commission. This document was signed only by the

proposed purchaser, and was endorsed "this proposition is good until 8:00 p. m. on the 30th of December, 1947, W. H. Bogue." On the 30th this writing was presented to the owner who wrote thereon the following: "The above proposition is not accepted, but I will accept $11,000 *cash* within 24 hours. 7:30 p. m. 12/30/47, John A. Roberts." The paper also bears this endorsement, "Accepted 7:25, 12/31/47. W. H. Bogue."

This document was taken by Howe to the home of Roberts at about 8:00 p. m., December 31, 1947, but there was no cash tendered or paid; Roberts told the broker that the deal was off as he had agreed that the cash should be paid by 7:30 December 31, and it is agreed that no cash was paid, nor was the earnest money, $500, given to the broker, paid or tendered at that time. About ten or twelve days thereafter, as we gather from the record and proof, Howe tendered the $11,000 to appellee who refused to accept it, insisting that the transaction was ended at 7:30 December 31st when the cash was not paid.

More than one year later appellant filed suit seeking to recover of Roberts the sum of $1100 which he alleged to be the usual and agreed fee. He alleges a verbal contract to sell the grocery business "upon terms and conditions agreeable to said defendant." He pleads that he found a purchaser in Mr. Bogue, and alleging the facts as substantially above set out, alleges that as he had fully performed his part of the agreement with the owner he was entitled to, and asked for judgment for the amount of the fee.

An answer by appellee first denied the main allegations of the petition then plead affirmatively that the alleged written contract filed with the petition contained the agreement for *"cash* within 24 hours from 7:30, Dec. 30, 1947," and that it had not been complied with by payment of the sale price in cash. A reply in denial completed the issue.

A jury was impaneled and evidence heard. At the close of plaintiff's evidence plaintiff moved for peremptory instruction; the court overruled. At the close of all the evidence defendant made a like motion and it was sustained the jury on advice finding for defendant, and judgment in conformity was entered over objection with appeal granted. Waiving other grounds set out in

motion for new trial, appellant contends that the court was in error in overruling plaintiff's motion and in sustaining defendant's similar motion.

The evidence shows very little if any disagreement as to pertinent facts. The testimony of appellant, who insists that the real agreement or understanding was that the proposition by Roberts was that the proposal should be accepted by the time fixed in the Robert's endorsement, and that being tendered to him just a few minutes late, within a reasonable time, the deal was then closed. Appellant gives some plausible reason in support; that Mr. Roberts knew or should have known that the deal could not be closed at the time fixed by the owner. There was a mortgage (amount undisclosed) on some store fixtures. No bill of sale could be executed, or provisions of the Bulk Sales Law, KRS 377.010, 377.020, met within the brief time. Mr. Roberts seems to have been totally unacquainted with that law or its requirements. As to the efforts and good faith on the part of appellant (about which there is no doubt) it is shown that he had made arrangements with the landlord to transfer the lease to Bogue, if sale was consummated. He had prepared bill of sale and an affidavit under the Sales law, but these were not presented to the owner until about ten days or two weeks after December 31.

Mr. Roberts testified, and there is little disagreement with appellant's testimony. He stands squarely on his insistence that his contract was that the cash should be paid by the time fixed in his endorsement, and that he was particular to italicize the word "cash," as it appears in the exhibit. He gives as one reason for his proposal, that if the deal was closed before the 1st of January he would not have the trouble of making inventory. The matter of mortgage liens could have been worked out by a retention of part of the cash. It is not necessary to go further into proof, as the only question is whether or not under the facts and in the light of the written agreement of Roberts, appellant was entitled to his fee, having in mind that he alleged that he was to procure a purchaser for the business, not for any alleged fixed sum but "upon terms and conditions agreeable to the seller." Appellant addresses the question to the court thus, "When is a real estate broker entitled to, or has earned his commission?"

Abstractly the answer appears to be that he earns or is entitled to his commission when he has accomplished what he has undertaken to do in his agreement with the seller. Nothing less is sufficient to constitute performance. Appellant takes the position that the contract, and we assume he means the contract between himself and Roberts, does not stipulate that there must be an actual performance, and we assume he means transfer of the property, to entitle him to his commission. The only contract according to the petition, indicates a sale was contemplated. Appellant says he was to procure a purchaser for the grocery business upon terms and conditions agreeable to the owner, for which service he was to receive ten per cent "of the purchase price of said business." Assuredly a sale of the business was in contemplation, and without sale appellant would not be entitled to collect unless the deal failed by reason of some nonexcusable fault on the part of the owner. Here it is shown that at time of trial, December 1948, Roberts still owned and operated his grocery.

Appellant's counsel cites several opinions of this court tending to uphold his contention that he was entitled to his commission, but they are not conclusive or persuasive here. For instance he cites Sanford & Co. v. Waring, 201 Ky. 169, 256 S. W. 9. In that case Waring had placed certain real estate with a broker for a period of 30 days, and agreed to pay the usual commission; the sales price was fixed at $35,000; if no sale no commission. The broker found a purchaser ready, able and willing to comply with terms and conditions of sale, but the owner refused to convey and suit for broker's commission followed. This case went out on demurrer to the petition, and we found the petition to state a good cause, though no sale had been consummated, on the well-founded rule that the broker had produced to the owner a responsible purchaser, able, ready and willing to take the property at the price and upon the terms and conditions proposed by the owner. In all other cases cited by appellant the same rule is expressed, that is, that the proposed purchaser must meet or be ready to meet the terms and conditions made by the seller. Stated in another way, it is only when the broker produces a purchaser ready and able to meet the terms and conditions of the seller that he earns his commission. Where a brokerage contract contemplates a com-

pleted transaction there is no obligation, unless conditions relating to payment are fulfilled. Odem Realty Co. v. Dyer, 242 Ky. 58, 46 S. W. 2d 838; Brown v. Warden's Adm'r, 261 Ky. 846, 86 S. W. 2d 958.

It should be noted that appellant does not claim in his pleading that there was any sale price fixed, nor were terms and conditions to be other than such as were agreeable to the owner; the only terms or conditions ever fixed by the seller were contained in his notation, "I will accept $11,000 *cash*," within the prescribed time. This is the only writing in the whole case which would under any circumstances bind appellee. Appellant by his reply puts this construction on the endorsement of Roberts: "It was the intention of the parties to said contract that the $11,000 would be available within 24 hours, and not that the sum was to be actually accepted."

The proof does not show that the money was available within 24 hours, and it was not tendered for more than 10 days after that time. There is no claim of fraud or mistake, or of bad faith on the part of appellee, and his construction of the offer seems to be one that controls. There is no doubt but that he had the right not only to fix the sale price but to fix terms and conditions upon which the transaction would be closed; he was at perfect liberty to make terms and conditions, and if not met there is no liability Swift v. Hale & Covington Real Estate Company, 196 Ky. 446, 244 S. W. 867.

We conclude that the court's ruling was correct, hence the judgment is affirmed.