## FORD v. HURT.

Court of Appeals of Kentucky.

Feb. 26, 1954.

Marshall A. Dawson, Colvin P. Rouse, Versailles, for appellant.

Charles M. Blackburn, Versailles, for appellee.

SIMS, Chief Justice.

Luther S. Ford sued Mrs. Leora B. Hurt for $630 commissions on the sale of certain property the petition alleged he made for her. Mrs. Hurt's answer denied Ford made the sale, and in a counter-claim she averred he misrepresented the property to an intended purchaser who failed to comply with his contract of purchase, thereby causing her a loss of $3370. The jury found for Mrs. Hurt on the petition, but found nothing for her on the counter-claim. Ford seeks a reversal because the court erred: 1. In instructing the jury; 2. in admitting incompetent evidence. There was no cross-appeal.

The parties signed a contract wherein it was agreed Ford would "sell her (Mrs. Hurt's) property located in Midway, being the Cardinal Tea Room & the Midway Theater at absolute public auction for the high dollar", on March 14, 1952, after advertising the sale in certain newspapers; his commission was based on a sliding scale. Both properties were housed in one building. At the auction Alexander M. Warren bid $16,000 for the real estate and equipment and signed an offer to purchase the property for that sum, which offer was accepted in writing by Mrs. Hurt. At this figure, Ford's commission amounted to $630.

Warren gave his check to Ford for 10% of the purchase price as required by the sale contract Warren and Mrs. Hurt signed. Ford deducted his commission of $630 and gave check to Mrs. Hurt for the balance of the $1600 paid by Warren. Subsequently, Warren learned that an ice cream cabinet and a coin operated phonograph in the tea room did not belong to Mrs. Hurt and were not included in his purchase, so he stopped payment on his check. Thereupon, Ford stopped payment on his check to Mrs. Hurt. Later she sold the property to another purchaser, excluding the ice cream cabinet and phonograph, for $12,000, or $4000 less than Warren had agreed to pay.

Ford sought to recover his commission of $630 on the theory that he had complied with his contract and the sale to Warren was consummated when the latter and Mrs. Hurt signed the sale contract. She insists that the sale fell through and was not consummated because Ford knowingly misrepresented to Warren she owned the ice cream cabinet and phonograph. Mrs. Hurt bases her counter-claim of $3370 on the $4000 difference in the price Warren was to pay and the $12,000 for which she sold the property, after deducting the $630 commission she would have had to pay Ford on the sale to Warren.

Ford testified that when he and Mrs. Hurt signed the contract whereby he was to conduct the auction, nothing in the building was excluded and he thought she owned all the equipment in the tea room. He showed her a copy of his newspaper advertisement which contained this sentence, "All equipment and tea room is of the best, and goes with the respective business." She approved the advertisement. Mrs. Hurt attended the sale and the auctioneer testified he there read the advertisement and announced, "we are selling the property and the contents of the theater and restaurant, the entire contents." Ford and the auctioneer were corroborated by Mr. Warren, the purchaser at the auction, and several other witnesses as to the announcement at the sale that "everything was selling".

Mrs. Hurt testified when Ford "was filling in the contract" for her to sign, she told him all the equipment belonged to her "with the exception of the ice cream box and the music box". She was corroborated by her son and business manager, Larry, who was present.

The value of the music box does not appear, but the record shows the ice cream cabinet cost $700.

Ford objected and excepted to the court giving instruction No. 2 under which the jury found its verdict for Mrs. Hurt. That instruction reads:

"If the jury believe from the evidence that the sale of the property involved to Alexander M. Warren failed because of a defect of the defendant's title to the property or any part there-

of and it believe that the plaintiff had knowledge of such defect *or by the exercise of reasonable diligence could have had such knowledge,* then the jury will find for the defendant on the plaintiff's petition." (Our emphasis.)

The rule is that a broker cannot recover a commission on a sale not consummated because of defect in seller's title of which the broker had actual knowledge or possessed facts sufficient to put a prudent person on inquiry so that knowledge thereof was obtainable if pursued with reasonable diligence. 8 Am.Jur. "Brokers" § 185, p. 1098; Orr v. Woolfolk, 250 Ky. 279, 62 S.W.2d 1029; Preston v. Rheubottom, 194 Ky. 226, 238 S.W. 764; Hurt v. Sands Co., 236 Ky. 729, 33 S.W.2d 653. While the evidence greatly preponderates in favor of Ford on the question of whether Mrs. Hurt told him at the time of entering into the auction contract she did not own this ice cream cabinet and music box, yet she and her son testified she did; hence there was a question for the jury. Lovejoy v. Reed, 302 Ky. 153, 193 S.W.2d 1013.

The second instruction went too far and should have stopped with Ford's knowledge of the defect in Mrs. Hurt's title. There was no evidence whatever of Ford being able to obtain such knowledge by the "exercise of reasonable diligence". It was prejudicial to Ford to let the jury speculate as to whether by the use of reasonable diligence he could have obtained knowledge as to Mrs. Hurt's ownership of this particular equipment, since there was not a line of evidence to have put him on notice, except what Mrs. Hurt and her son testified she told him. The only question to have been submitted to the jury on this point was whether or not Mrs. Hurt told Ford she did not own these two pieces of equipment. The judgment must be reversed on account of the prejudicial error in this second instruction.

We are not in accord with appellant's contention that the testimony of Mrs. Hurt and her son was incompetent because it was an attempt to vary the terms of a written contract by parol evidence. The auction contract did not describe with particularity the property to be sold, but referred to it as the "Cardinal Tea Room & Midway Theater". The testimony of Mrs. Hurt and her son was not contradictory of the written contract, nor did it vary the terms thereof, but the writing was incomplete on its face and this parol testimony was admissible to aid in establishing the intention of the parties. Bullock v. Young, 252 Ky. 640, 67 S.W.2d 941, 946, and the many authorities there cited.

The jury decided against Mrs. Hurt on her counter-claim and as she did not cross-appeal, her counter-claim is now out of the case. Should there be another trial, the court will not instruct on the counter-claim.

The judgment is reversed for proceedings consistent with this opinion.