## HILL v. COY.

Court of Appeals of Kentucky.

March 26, 1954.

---

Salem W. Moody, Richmond, for appellant.

Thomas D. Shumate, Charles R. Coy, Richmond, for appellee.

COMBS, Justice.

This is an action on a real estate broker's contract alleged to have been entered into between appellee, Charles H. Coy, and appellant, E. C. Hill. Coy, the broker, was to sell Hill's farm for $20,000 and for his services was to receive 3% of the sale price. The question of liability on the contract was submitted to the jury and a verdict for $600 was returned in favor of appellee.

In his petition appellee alleged that Hill came to him in the summer of 1949 and told him he wanted to sell his farm for $20,000. Appellee agreed to find a buyer for 3% of the sale price. After making some unsuccessful efforts to find a buyer, appellee went to South Carolina where he was employed as a tobacco auctioneer. After the close of the tobacco season he returned and renewed his efforts to sell the farm. He found prospective buyers in January of 1950, towit: Clay Hardin, Sr., and his sons, Clay Hardin, Jr., and Gilbert Hardin. Clay, Sr., had $4,000 which was to be his share of the purchase price. Clay, Jr. and Gilbert were veterans and they intended to obtain $8,000 each through G. I. loans.

During the negotiations for the loans the Hardins were informed that it would be necessary for them to obtain either a sales contract or an option to buy the farm before they could obtain G. I. loans. Although they had ample time to do so, they made no effort to obtain either a sales contract or an option. Appellee admitted that he made no request to appellant to sign either an option or a sales contract. Subsequently, appellant decided not to sell his farm.

■ We will consider first appellee's motion to strike the bill of exceptions and transcript of evidence filed by appellant.

The judgment appealed from was entered during the February, 1952, term of court. Motion for a new trial was filed and the motion was not overruled until the following May term. At that time an order was entered giving appellant until October 10, 1952, to file his bill of exceptions. It is appellee's contention that the judgment became final when it was entered in February, 1952, and, under sections 334 and 337 of Carroll's Civil Code of Practice, applicable here, appellant was required to file his bill of exceptions at a time not beyond the succeeding term.

The motion must be overruled. The timely filing of a motion and grounds for a new trial suspends the operation of a judgment until the motion is disposed of. Stearns Coal & Lumber Co. v. Commonwealth, 163 Ky. 837, 174 S.W. 771.

■ Coming to the second point raised by appellant, we think he was entitled to a peremptory instruction. A real estate broker becomes entitled to his fee only when he produces a person ready, willing and able to buy the property listed with him for sale. Brown v. Warden's Adm'r, 261 Ky. 846, 88 S.W.2d 958.

In this case the prospective buyers could not purchase the property until they obtained the G. I. loans. On the other hand, they could not get the loans until they had a sales contract or an option to buy. The owner was under no obligation to give them an option or contract, thereby encumbering his land while the loan application was processed. Of significance also is the fact

that at no time was appellant ever requested to give an option or contract.

Since the Hardins were not in position to buy the property, appellee failed to prove an essential element of his case; namely, that he produced a person ready, willing and able to purchase the property.

The judgment is reversed for proceedings consistent with this opinion.