**R. Dean MILLER, Appellant,**

v.

**Paul GOHMANN, Appellee.**

Court of Appeals of Kentucky.

Jan. 6, 1978.

Discretionary Review Denied
May 16, 1978.

Laurence J. Zielke, Zielke, Davidson & Risch, Louisville, for appellant.

David Rowe, John C. McCord, Boehl, Stopher, Graves & Deindorfer, Louisville, for appellee.

Before COOPER, HOWARD and WHITE, JJ.

HOWARD, Judge.

This is an appeal from a judgment entered in favor of plaintiff-appellee, Paul Gohmann (hereinafter referred to as Gohmann), for a real estate broker's commission against defendant-appellant, R. Dean Miller (hereinafter referred to as Miller). Miller's counterclaim against Gohmann for breach of agency was dismissed.

Miller and Gohmann, a real estate broker, entered into several real estate listing contracts for the sale of Miller's real property located in Jefferson County, Kentucky. Most of these listing contracts were signed by Miller and his wife, Mary Jane Miller. At some point in time, Miller and his wife became estranged and she moved to Mississippi. She filed for divorce with the divorce apparently becoming final in the spring of 1975.

Title to the subject property was, in September, 1975, still in the name of Miller and his wife. On September 26, 1975, pursuant to a listing contract, a real estate agent brought to Gohmann an offer to purchase Miller's property. Gohmann delivered the offer to Miller; the offer was rejected; and a counter-offer was made which was accepted by the purchasers on September 28, 1975. The contract called for "Delivery of Deed with closing to be by October 30, 1975, subject to readiness of lending institution."

Property settlement negotiations between Miller and Mary Jane were being actively conducted. A quit-claim deed from Mary Jane of her interest in the property was being sought by Miller. It was known by Gohmann that Mary Jane had not, as of yet, conveyed her interest at the time that the counter-offer was made and accepted.

On September 29, 1975, an Agreement to Release of Contract was entered into between Miller (as seller) and Thomas Walker (as purchaser) wherein it was agreed between the parties that:

1) Purchaser by the Agreement extends to seller a time of 5 days excluding Sunday, from October 1, 1975 to October 6, 1975 at 5:00 P. M., to effect written agreement for seller's wife to execute deed to subject property.

2) In the event the Agreement as mentioned in paragraph 1 shall not be obtained prior to October 6, 1975 in writing then and in such event the contract dated September 26, 1975 shall automatically become null and void, and each respective party thereto as seller and purchaser shall be released from performance and compliance with said contract and the same shall be null and void.

The quit-claim deed was not obtained in the requisite period of time, and the sale between Miller and the Walkers was not consummated. Gohmann thereafter instituted suit to recover the agreed upon real estate commission. Miller counterclaimed for breach of agency alleging that Gohmann had contacted Mary Jane in disregard of Miller's instructions, and because of that action by Gohmann, Miller was unable to obtain the needed quit-claim deed.

Miller raises three issues on this appeal, to-wit: 1) Did the trial court err in finding that Gohmann procured a ready, willing and able buyer; 2) Did the trial court misapply the law of Kentucky by finding that Gohmann had knowledge of the defect of title, but was still entitled to a commission; and 3) Did the trial court err in dismissing the counterclaim against Gohmann for breach of agency, and err in finding that the breach of agency did not prevent Gohmann from being entitled to his commission.

**164**

It is well established in Kentucky that when a real estate broker produces a person who is ready, willing, and able to purchase the property on the prescribed terms, the broker is entitled to his commission. *Shanklin v. Townsend,* Ky., 431 S.W.2d 874 (1968). The commission is then due the broker, regardless of whether the transaction is consummated. *Brinton v. Motte,* Ky., 244 S.W.2d 480 (1952).

We agree with the trial court that Gohmann produced a buyer who was ready, willing and able to perform. However, we do not feel that Gohmann was entitled to a broker's commission from Miller based on the following reasoning.

In *Orr et al. v. Woolfolk,* 250 Ky. 279, 62 S.W.2d 1029 (1933), a widow with only a dower right had undertaken to sell the property in fee. The purchaser had been assured that the title would be straightened out prior to the actual conveyance. The court states, at page 1030, after discussing the law concerning when a broker is entitled to a commission, that:

> . . . Thus, if the deal falls through because of a defect in the title of the principal of which the agent had actual knowledge, or he had possession of facts sufficient to put a prudent person on inquiry, and, if pursued with reasonable diligence, he would have obtained that knowledge, the broker cannot recover commissions on the transaction.

This concept was affirmed in *Dunn v. Kramer,* 306 Ky. 377, 208 S.W.2d 41 (1948) in relationship to any type of encumbrance which would legally justify the purchaser in refusing to accept the deed. The court states, on pages 42–43, that:

> In this case the seller had undertaken to furnish a good and merchantable title to the property. He could not do so because of the existence of the Gorden lien. The existence of this lien was known to appellant when he began negotiations with the purchaser. The failure to have it removed, or to reach agreement on a new arrangement, resulted in the purchaser's withdrawal. Appellant with his principal both assumed the risk that the sale could

not be completed because of the existence of this lien.

In the instant case, Gohmann was aware that Mary Jane still retained an interest in the property and that a quit-claim deed would have to be obtained from her. We feel that Gohmann is precluded from obtaining his commission because of his actual knowledge of Mary Jane's interest in the property.

There was conflicting evidence presented as to the allegations of Miller's counterclaim against Gohmann. The trial court found that there was no proof to support those allegations. Whether Miller had or had not instructed Gohmann not to contact Mary Jane concerning this transaction is a question of fact. Findings of fact of the trial court will not be set aside unless clearly erroneous. CR 52.01.

We are reversing this case with directions to the trial court to dismiss the complaint of appellee, Gohmann. We are affirming the dismissal by the trial court of Miller's counterclaim.

All concur.